IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIGUEL PEREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-819-GPM |
| | ) |
| JAMES FENOGLIO, PHIL MARTIN, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| LEE RYKER, PAMELA MORAN, C. | ) |
| VAUGHN, GLADYSE C. TAYLOR, BRIAN | ) |
| FAIRCHILD, and C. BROOKS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, Mr. Miguel Perez, currently incarcerated at Lawrence Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff claims that on May 16, 2010 he sustained a hand injury that resulted in a torn ligament, dislocated thumb, an open ("gaping") wound, and tissue damage. He was seen by Defendant C. Brooks, a nurse at Lawrence that day. Brooks wrapped Plaintiff's hand in gauze but did not stitch it or give him pain medication. The following day, Plaintiff saw Defendant James Fenoglio, doctor. Dr. Fenoglio did not stitch Plaintiff's hand but did refer him to a hand surgeon. According to Plaintiff, however, Defendants Fenoglio, Brooks, Phil Martin (the Health Care Unit administrator), and Wexford Health failed to keep Plaintiff's hand surgeon appointment. His grievance regarding this failure was denied by Defendants Pamela Moran and C. Vaughn and his appeal was denied by Defendants Brian Fairchild and Gladyse Taylor. Plaintiff continued to

complain of pain to Dr. Fenoglio and was seen by a hand surgeon who recommended either fabrication of a special splint or surgery. The follow-up appointment for splinting was not made; Dr. Fenoglio instead bandaged Plaintiff's hand. After further complaints of pain and further grievances to Defendants Lee Ryker and Pamela Moran, Plaintiff did undergo hand surgery–seven months after his injury. Plaintiff accuses all Defendants of deliberate indifference to his serious medical need in violation of the Eighth Amendment.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. As to Defendant Wexford Health Services, Plaintiff has not alleged any policy or practice to deny medical treatment or healthcare and has thus failed to state a claim. *See Woodward v. Corr. Medical Serv. of Ill., Inc.,* 368 F.3d 917, 927 (7th Cir. 2004). Wexford Health Services is **DISMISSED**. Though he only references a deliberate indifference claim, Plaintiff's only complaint against Defendants Gladyse Taylor, Brian Fairchild, Lee Ryker, and Pamela Moran is that they denied his grievances related to treatment for his hand. In this allegation, he also fails to state a claim under § 1983, and Defendants Taylor, Fairchild, Ryker, and Moran are therefore also **DISMISSED**. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but did not obtain the outcome he desired). In the caption of his complaint, Plaintiff names Defendant C. Vaughn who is identified as a "counselor" at Lawrence. At no point in the complaint, however, does Plaintiff tie any claim to Defendant Vaughn. With no allegations specific to Defendant Vaughn, that defendant could not possibly be put on notice or properly respond. Defendant Vaughn shall also be **DISMISSED**. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a

defendant by including the defendant's name in the caption.").

The overriding issue with Plaintiff's complaint, however, is that he fails to state a § 1983 Eighth Amendment claim for deliberate indifference to a serious medical need. "A prisoner's claim for deliberate indifference must establish (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). The need for treatment to Plaintiff's hand injury was likely sufficiently serious, as the injury required immediate medical attention. The fact is, as pleaded by Plaintiff himself, he *received* immediate medical attention *and* continuing medical attention for his injury. Defendants treated the wound, wrapped Plaintiff's hand, scheduled appointments with a hand surgeon, re-bandaged the hand, and ultimately scheduled Plaintiff for surgery, which he received. The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a difference of opinion between medical professionals concerning the treatment of an inmate will not support a claim for deliberate indifference. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *see also Garvin*, 236 F.3d at 898.

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief can be granted and thus is **DISMISSED with prejudice**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under

the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: August 13, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge