IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIGUEL PEREZ, #B10797, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 11-cv-00819-NJR ) |
| JAMES FENOGLIO, DR. PHIL MARTIN, WEXFORD HEALTH SOURCES, INC., LEE RYKER, PAMELA MORAN, C. VAUGHN, GLADYSE C. TAYLOR, BRIAN FAIRCHILD, and C. BROOKS, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on remand from the United States Court of Appeals for the Seventh Circuit. *See Perez v. Fenoglio*, -- F.3d --, No. 12-3084, 2015 WL 4092294 (7th Cir. July 7, 2015). The Seventh Circuit reversed the decision of United States District Court Judge G. Patrick Murphy to dismiss a complaint (Doc. 1) that was filed by Plaintiff Miguel Perez pursuant to 42 U.S.C. § 1983. In the complaint, Perez, an inmate at Lawrence Correctional Center ("Lawrence"), claimed that numerous prison officials provided inadequate medical care for his severe hand injury, in violation of the Eighth Amendment. He also claimed that two of these prison officials delayed his medical treatment as retaliation against Perez for filing grievances in which he complained about the prison's medical staff, in violation of the First Amendment.

After screening the complaint under 28 U.S.C. § 1915A, the district court dismissed the Eighth Amendment claim against all of the defendants, finding that it failed to state any claim for relief against them. The district court did not address the First Amendment retaliation claim.

The Seventh Circuit reversed this decision on appeal, indicating that the Eighth Amendment deliberate indifference to medical needs claim against all of the defendants is subject to further review. In addition, the Seventh Circuit held that the complaint articulates a viable retaliation claim against two of these defendants, and this First Amendment claim is also subject to further review. The case was remanded to this Court for further proceedings.

## Discussion

Consistent with the Seventh Circuit's opinion, this Court now finds that the following claims pass muster under 28 U.S.C. § 1915A and shall receive further review.

> **Count 1:** **Doctor Fenoglio exhibited deliberate indifference toward Perez's severe hand injury, in violation of the Eighth Amendment, when the doctor failed to provide Perez with adequate, timely care and ignored treatment recommendations of specialists at the Carle Clinic;**
>
> **Count 2:** **Nurse Brooks exhibited deliberate indifference toward Perez's severe hand injury, in violation of the Eighth Amendment, when the nurse failed to provide Perez with adequate medical treatment for his hand injury or ensure that others did;**
>
> **Count 3:** **Wexford Health Sources, Inc. exhibited deliberate indifference toward Perez's severe hand injury, in violation of the Eighth Amendment, by maintaining a policy or practice that prevented nurses from stitching wounds or prescribing medication unless a doctor was present while also limiting the times that doctors were on duty;**
>
> **Count 4:** **Administrator Martin exhibited deliberate indifference toward Perez's severe hand injury, in violation of the Eighth Amendment, by refusing to grant Perez's referral request without explanation for four days;**

> **Count 5:** The Grievance Defendants (i.e., Counselor Vaughn, Officer Moran, Warden Ryker, Director Taylor, and Officer Fairchild) displayed deliberate indifference toward Perez's severe hand injury, in violation of the Eighth Amendment, when they obtained actual knowledge of Perez's condition and his inadequate medical care and still failed to intervene on Perez's behalf to rectify the situation; and
>
> **Count 6:** Doctor Fenoglio and Administrator Martin retaliated against Perez, in violation of the First Amendment, when they denied him adequate medical care for his hand injury because he filed a grievance against prison officials for withholding his prescription medication for depression.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

### Recruitment of Counsel

Perez also appealed the district court's decision denying his request for pro bono counsel. On appeal, the Seventh Circuit held that the district court acted within its discretion, and not unreasonably, when denying the request. The Seventh Circuit added, however, that counsel may be appropriate once the case moves beyond the pleadings stage.

Perez is reminded that he may file a motion for recruitment of counsel at any time during the pending litigation that he deems it necessary to do so. To this end, the Clerk shall be directed to provide him with a blank motion for recruitment of counsel.

### Disposition

The **CLERK** is **DIRECTED** to send Perez a blank motion for recruitment of counsel.

**IT IS HEREBY ORDERED** that Perez's Eighth Amendment claims (**COUNTS 1, 2, 3, 4,** and **5**) and his First Amendment claim (**COUNT 6**) shall receive further review consistent with the Seventh Circuit's opinion in *Perez v. Fenoglio*, -- F.3d --, No. 12-3084, 2015

WL 4092294 (7th Cir. July 7, 2015).

As to **COUNTS 1, 2, 3, 4, 5,** and **6,** the Clerk of Court shall prepare for Defendants **WEXFORD HEALTH SOURCES, INC., JAMES FENOGLIO, PHIL MARTIN, LEE RYKER, PAMELA MORAN, C. VAUGHN, GLADYSE C. TAYLOR, BRIAN FAIRCHILD,** and **C. BROOKS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, the Seventh Circuit's opinion, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to

include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 7, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**