IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIGUEL PEREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-CV-819-NJR-DGW |
| ) | |
| JAMES FENOGLIO, DR. PHIL ) | |
| MARTIN, WEXFORD HEALTH ) | |
| SOURCES, INC., LEE RYKER, PAMELA ) | |
| MORAN, C. VAUGHN, GLADYSE C. ) | |
| TAYLOR, BRIAN FAIRCHILD, and C. ) | |
| BROOKS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald. G. Wilkerson (Doc. 104), which recommends that this Court deny the Motion for Summary Judgment filed by Defendants Christine Brooks, James Fenoglio, and Wexford Health Sources, Inc. (Doc. 76) and grant in part and deny in part the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Phil Martin, Lee Ryker, Gladyse C. Taylor, Brian Fairchild, Pamela Moran, and Cecil Vaughn (Doc. 80).[1] The Report and Recommendation was entered on July 20, 2016. No objections have been filed.

Plaintiff Miguel Perez filed this case on September 8, 2011, asserting that Defendants Dr. Fenoglio, Nurse Brooks, Wexford, Lawrence Health Care Administrator

---

[1] The Clerk's Office is **DIRECTED** to update the docket sheet to reflect the true and accurate names of the following defendants: "C Vaughn" should be "Cecil Vaughn," and "C Brooks" should be "Christine Brooks."

Page 1 of 5

Martin, Counselor Vaughn, Grievance Officer Moran, Warden Ryker, Acting IDOC Director Taylor, and ARB Officer Fairchild violated his constitutional rights while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Plaintiff is proceeding on the following counts:

Count 1: Defendant Dr. Fenoglio exhibited deliberate indifference toward Plaintiff's severe hand injury, in violation of the Eighth Amendment, when Defendant Fenoglio failed to provide Plaintiff with adequate, timely care and ignored treatment recommendations of specialists at the Carle Clinic;

Count 2: Defendant Nurse Brooks exhibited deliberate indifference toward Plaintiff's severe hand injury, in violation of the Eighth Amendment, when she failed to provide Plaintiff with adequate medical treatment for his hand injury or ensure that others did;

Count 3: Defendant Wexford exhibited deliberate indifference toward Plaintiff's severe hand injury, in violation of the Eighth Amendment, by maintaining a policy or practice that prevented nurses from stitching wounds or prescribing medication unless a doctor was present, while also limiting the time that doctors were on duty;

Count 4: Defendant Health Care Administrator Martin exhibited deliberate indifference toward Plaintiff's severe hand injury, in violation of the Eighth Amendment, by refusing to grant Plaintiff's referral request without explanation for four days;

Count 5: The Grievance Defendants (i.e., Counselor Vaughn, Officer Moran, Warden Ryker, Director Taylor, and Officer Fairchild) displayed deliberate indifference toward Plaintiff's severe hand injury, in violation of the Eighth Amendment, when they obtained actual knowledge of Plaintiff's condition and his inadequate medical care and still failed to intervene on Plaintiff's behalf to rectify the situation; and

Count 6: Defendants Fenoglio and Administrator Martin retaliated against Plaintiff, in violation of the First Amendment, when they denied him adequate medical care for his hand injury because he filed a grievance against prison officials for

withholding his prescription medication for depression.

Defendants Brooks, Fenoglio, and Wexford (hereafter "Wexford Defendants"), and Martin, Vaughn, Moran, Ryker, Taylor, and Fairchild (hereafter "IDOC Defendants") have filed Motions for Summary Judgment (Docs. 76, 80) arguing that Plaintiff failed to exhaust his administrative remedies before bringing suit. These defendants assert that the two grievances (dated May 20, 2010 and January 10, 2011) filed by Plaintiff related to this matter were either not exhausted or did not sufficiently describe or mention the individuals named as defendants. Plaintiff filed responses to both motions.

As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Defendant's motion on May 13, 2016. Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 104). Objections to the Report and Recommendation were due on or before August 8, 2016. No party has filed an objection.

Where timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 291, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then

"accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Magistrate Judge Wilkerson's Report and Recommendation. Magistrate Judge Wilkerson thoroughly discussed the evidence and the Court fully agrees with his findings, analysis, and conclusions with respect to the issue of exhaustion. As to Defendant Dr. Fenoglio, this defendant concedes that the January 10, 2011 grievance is sufficient to exhaust Plaintiff's claim in Count 1 alleging that Defendant Fenoglio ignored treatment recommendations of specialists at the Carle Clinic. Further, Magistrate Judge Wilkerson determined that Plaintiff was credible in his assertion that he took the steps required of him to informally resolve his January 10, 2011 grievance but prison officials failed to respond, and that credibility determination is entitled to deference. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). Thus, the Court agrees that Plaintiff attempted to exhaust his January 10, 2011 grievance, but his efforts were thwarted.

The Court also finds that Plaintiff sufficiently exhausted his deliberate indifference claims against Defendant Brooks and Defendant Martin, as well as his policy and practice claim against Defendant Wexford. Plaintiff also sufficiently exhausted his retaliation claim against Defendant Martin. The Court finds, however, that Plaintiff failed to exhaust his administrative remedies with respect to Defendants Ryker, Moran, Vaughn, Taylor, and Fairchild because Plaintiff has not sufficiently named or described the actions of these defendants in the grievances before the Court and the continuing violation doctrine cannot be applied in this instance.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 104), **DENIES** the Wexford Defendants' Motion for Summary Judgment (Doc. 76), and **GRANTS in part** and **DENIES in part** the IDOC Defendants' Motion for Summary Judgment (Doc. 80). The claims against Defendants Ryker, Moran, Vaughn, Taylor, and Fairchild are **DISMISSED without prejudice**. The Clerk's Office is **DIRECTED** to terminate these defendants from this case.

This case proceeds as to Counts One, Two, Three, Four, and Six of Plaintiff's Complaint.

**IT IS SO ORDERED.**

DATED:   August 29, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**