IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MIGUEL PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-819-DGW |
| | ) | |
| DR. JAMES FENOGLIO, WEXFORD HEALTH SOURCES, INC., and CHRISTINE BROOKS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Strike filed by Defendants Dr. James Fenoglio, Nurse Christine Brooks, and Wexford Health Sources, Inc. (Doc. 141). For the reasons set forth below, the Motion is **DENIED**.

Defendants ask the Court to strike Plaintiff's Exhibits 2, 4, and 5 appended to and referenced in his response to Defendants' motion for summary judgment. Defendants assert that these documents should be stricken as they were not timely produced to Defendants in violation of Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, having been disclosed only with the filing of Plaintiff's response brief, though the discovery deadline passed on June 13, 2017.

Rule 37(c)(1) prescribes that a party who fails to "provide information … as required by Rule 26(a) or (e) … is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Defendants contend that Plaintiffs "production" of Exhibits 2, 4, and 5 after the close of discovery was neither justified nor harmless as it prevented Defendants from reviewing, authenticating, investigating, or responding to the documents.

In response to Defendants' motion, Plaintiff asserts that his counsel was under the mistaken belief that the relevant documents had been produced prior to the close of discovery. Plaintiff further contends that Exhibits 4 and 5 were actually produced by Defendants (this contention also seems to be mistaken; however, the Court finds that Defendants produced documents that were substantially similar) and, in any event, Plaintiff's failure to produce the documents at issue was harmless. In particular, Plaintiff notes that the subject of the documents at issue were discussed during Dr. Fenoglio's deposition. Moreover, Plaintiff asserts that his failure to disclose the relevant documents was not done in bad faith.

The Court has carefully reviewed Exhibits 2, 4, and 5 and, when considering the record as a whole, finds that Plaintiff's failure to produce said exhibits was inadvertent and harmless. First, Defendants all but concede (rightfully so) that Exhibits 4 and 5 are substantially similar to documents produced by Defendants as part of the records received from the Carle Clinic on June 20, 2017. Although the Court recognizes that Exhibits 4 and 5 were created at different times, there is simply no prejudice in Plaintiff's late production as Defendants had substantially similar documents in their possession. The Court also finds that Plaintiff's late production of Exhibit 2 was inadvertent and harmless. Exhibit 2 references a discussion held between Dr. Fenoglio and an orthopedics provider at the Carle Clinic on May 17, 2010. Although Defendants did not have this document in their possession prior to the close of discovery, Dr. Fenoglio provided deposition testimony regarding his May 17, 2010 conversation with providers at the Carle Clinic. Moreover, Defendants submitted a reply brief in response to Plaintiff's summary judgment opposition brief; thus, Defendants had an opportunity to address the document at issue.

For the foregoing reasons, Defendants' Motion to Strike (Doc. 141) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 16, 2017** 

        **DONALD G. WILKERSON**
        **United States Magistrate Judge**